Filed 6/30/21  P. v. Doulphus CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C089263 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR88402) |
| v. | |
| ALAN DUANE DOULPHUS, | |
| Defendant and Appellant. | |

Does the authority of a court to strike an otherwise valid enhancement in the interests of justice pursuant to Penal Code[1] section 1385 include the authority to modify the enhancement to a lesser enhancement?  Citing *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), defendant Alan Duane Doulphus asserts a trial court has this power in the context of the court's authority to dismiss section 12022.53 firearm

---

[1]     Undesignated statutory references are to the Penal Code.

1

enhancements.  We join other appellate courts to consider this position and reject *Morrison* and defendant's contention.

Defendant pleaded guilty to three counts of robbery (§ 211), each with a section 12022.53, subdivision (c) enhancement for discharging a firearm, and to one count of voluntary manslaughter (§ 192, subd. (a)), and was sentenced to a 42-year four-month state prison term.  In his first appeal, we remanded to allow the trial court to determine whether to exercise its discretion to strike the firearm enhancements pursuant to the then newly enacted Senate Bill No. 620, and otherwise affirmed.

On remand, the trial court struck the firearm enhancements as to two of the robbery counts, for a total term of 29 years.

On appeal, defendant contends the matter should be remanded to allow the trial court to exercise its discretion to impose a lesser enhancement.  We shall affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant, his brother Chase Doulphus, and Rogers Bounnhaseng conspired to rob a marijuana farm.  The three, each armed with a firearm, entered a trailer on the farm and bound three workers with duct tape and zip ties.  When one of the workers tried to flee, defendant and his brother fired at the fleeing victim, with the fatal shots coming from Chase.

There was no stipulated term as part of the plea agreement.  At sentencing, the trial court rejected defendant's argument for a mitigated term for the principal robbery conviction, instead imposing an aggravated five-year term on one of the robbery counts as part of the 42-year four-month total term.

On remand, the trial court recalled that Bounnhaseng agreed to cooperate early in the prosecution, and received a 22-year term as a result.  The defense submitted multiple documents regarding his attempts at rehabilitation while incarcerated.  Defense counsel asked the trial court to strike the section 12022.53 enhancements on all three robbery counts.  When counsel suggested the trial court could dismiss or reduce the

2

enhancements, the court replied that it could strike an enhancement but could not reduce it.

The trial court noted the information presented at the hearing painted a different picture of defendant than at his original sentencing. The court recognized defendant had not wasted his time in prison, getting his GED and taking classes in subjects like relapse prevention, self-reflection evaluation, criminal and gang members anonymous, and extreme emotional response management. In light of this new information, the trial court struck the section 12022.53 enhancement on two of the three robbery counts, for a new term of 29 years.

## DISCUSSION

Citing *Morrison*, defendant's sole contention is the matter must be remanded because the trial court was unaware it had the authority to reduce the firearm enhancement in addition to the options of striking or retaining it.

"On October 11, 2017, Governor Brown signed Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended sections 12022.5 and 12022.53 to provide trial courts with the discretion to strike a firearm enhancement or finding. [Citation.] Senate Bill No. 620 added the following language to both statutes: 'The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law.' [Citation.]" (*Morrison, supra*, 34 Cal.App.5th at pp. 221-222.) This was added to section 12022.53 as subdivision (h).

" 'Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including . . . murder: a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id*., subd. (b)); a 20-year term if the defendant "personally and intentionally discharges a firearm" (*id*.,

subd. (c)); and a 25-year-to-life term if the intentional discharge of the firearm causes "great bodily injury" or "death, to any person other than an accomplice" (*id*., subd. (d)). For these enhancements to apply, the requisite facts must be alleged in the information or indictment, and the defendant must admit those facts or the trier of fact must find them to be true.' [Citation.] Section 12022.53, subdivision (f) provides, 'Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment . . . .' " (*Morrison, supra*, 34 Cal.App.5th at p. 221.)

In *Morrison*, the jury found true only the enhancement allegation under section 12022.53, subdivision (d). (*Morrison, supra*, 34 Cal.App.5th at p. 221.) After the trial court recalled the sentence to exercise its discretion as provided in section 12022.53, subdivision (h), the court declined to strike the firearm enhancement. (*Morrison*, at p. 220.) On appeal, the defendant argued the "case should be remanded for resentencing because the court did not understand the scope of its discretion" given its failure to consider whether to modify the enhancement to a " 'lesser included' enhancement under section 12022.53, subdivision (b) or (c), which carry lesser terms of 10 years or 20 years, respectively." (*Id*. at p. 221.)

The First District Court of Appeal agreed with the defendant, citing case law providing "the court may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence. [Citations.]" (*Morrison, supra*, 34 Cal.App.5th at p. 222.) The court relied on our Supreme Court's analysis in *People v. Marsh* (1984) 36 Cal.3d 134 (*Marsh*). (*Morrison*, at p. 223.)

Other courts have disagreed with *Morrison*'s conclusions, and the California Supreme Court has taken up the issue. (*People v. Tirado* (2019) 38 Cal.App.5th 637, 644, rev. granted Nov. 13, 2019, No. S257658 (*Tirado*); *People v. Valles* (2020) 49

4

Cal.App.5th 156, 167, rev. granted July 22, 2020, No. S262757; *People v. Garcia* (2020) 46 Cal.App.5th 786, 788, rev. granted June 10, 2020, No. S261772; *People v. Yanez* (2020) 44 Cal.App.5th 452, 458, rev. granted April 22, 2020, No. S260819.)

In *Tirado*, the court concluded a trial court that strikes a firearm enhancement under amended section 12022.53, subdivision (h) has no discretion to impose an uncharged lesser included enhancement. (*Tirado, supra*, 38 Cal.App.5th at p. 640; see also *People v. Garcia, supra*, 46 Cal.App.5th at pp. 790-791.) The *Tirado* court reasoned that "[n]othing in the plain language of sections 1385 and 12022.53, subdivision (h) authorizes a trial court to substitute one enhancement for another. Section 12022.53, subdivision (h) uses the verbs 'strike' and 'dismiss,' and section 1385, subdivision (a) states the court may 'order an action to be dismissed.' This language indicates the court's power pursuant to these sections is binary: The court can choose to dismiss a charge or enhancement in the interest of justice, or it can choose to take no action. There is nothing in either statute that conveys the power to change, modify, or substitute a charge or enhancement." (*Tirado*, at p. 643.) The court said such a conclusion "is consistent with the well-settled principle that 'prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine . . . what charges to bring.' " [Citation.] [Citation.] 'The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch.' [Citation.]" (*Id.* at p. 644.) *Tirado* further reasoned that had the People alleged all three enhancements under section 12022.53 and the jury found them all true "the court would have had the discretion to strike the section 12022.53, subdivision (d) enhancement and then either impose one of the other two enhancements or strike them as well. However, because the People exercised their charging discretion to allege only one enhancement, the trial court was limited to either imposing or striking that enhancement." (*Tirado*, at p. 644.) Under *Tirado*, it is only where a charged enhancement is factually unsupported or legally inapplicable to the offense that the court has authority to impose a

5

lesser included enhancement. (*Ibid.*; see also *Garcia,* at pp. 790-791 [agreeing with *Tirado* that "section 12022.53, subdivision (h) does not grant a trial court the discretion to substitute lesser included enhancements, at least where the greater enhancement is legally and factually valid"]; *People v. Yanez, supra*, 44 Cal.App.5th at pp. 458-460 [nothing in plain language of §§ 1385 or 12022.53, subd. (h) suggests the Legislature intended to grant courts sentencing discretion to impose a lesser, uncharged firearm enhancement and declining to adopt contrary interpretation on separation of powers principles].)

We agree with the analysis of the courts rejecting *Morrison*. The plain language of sections 1385 and 12022.53, subdivision (h) authorizes the trial court to either dismiss or strike an enhancement; "[t]here is nothing in either statute that conveys the power to change, modify, or substitute a charge or enhancement." (*Tirado, supra*, 38 Cal.App.5th at p. 643.) The *Tirado* court's comparison of the language in section 1385 with language in other statutes permitting a court to modify a charge or enhancement (e.g., §§ 1260 & 1181) aptly demonstrates this point. (*Tirado*, at p. 643.)

Similar language in another statutory scheme has been interpreted to allow a court to strike, but not reduce, an enhancement. *People v. Harvey* (1991) 233 Cal.App.3d 1206 (*Harvey*) interpreted Health and Safety Code section 11370.4, which provides a range of enhancements for certain drug offenses based on the quantity of drugs. (*Harvey*, at p. 1229; see Health & Saf. Code, § 11370.4, subd. (a).) Courts have the authority to strike the enhancement: "Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in this section if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." (Health & Saf. Code, § 11370.4, subd. (e).) One of the defendants argued this gave the courts the authority to impose lesser enactment as well as striking the enhancement. (*Harvey*, at p. 1230.) The Court of Appeal rejected the claim, reasoning as follows:

6

"Enhancements do not define a crime but merely impose an additional punishment to that which accompanies the criminal offense itself. [Citation.] An enhancement is not a sentencing choice. [Citation.] Unless a statute says otherwise, an enhancement may be imposed or stricken, but this is the extent of the trial court's discretion. [Citation.] Imposition of sentence on an enhancement may not be stayed; to do so is an illegal sentence. [Citation.] [¶] . . . . Accordingly, we find that the trial court's only real choice in the case at bench was to impose the enhancement in full or to strike it, and the court acted properly in imposing the full 15-year enhancement." (*Harvey, supra*, 233 Cal.App.3d at p. 1230.)

We presume the Legislature is aware of judicial decisions discussing the meaning of words and phrases. (*Zellerino v. Brown* (1991) 235 Cal.App.3d 1097, 1107 ["When the Legislature uses language which has received definitive judicial construction we presume it intended to adopt that construction"].) If the Legislature intended to allow courts to impose a lesser firearm enhancement, it would have included language explicitly allowing the courts to do so.

The case law upon which *Morrison* relied—i.e., that a "court may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence" (*Morrison, supra*, 34 Cal.App.5th at p. 222)—did not arise in the context of power statutorily conferred upon the court under section 1385. In other words, the authority discussed in those cases is independent of section 1385's authority and not circumscribed by section 1385's language.

We also do not see how *Marsh* supports the position espoused in *Morrison*. In *Marsh,* our Supreme Court merely explained that the trial court has "a broad range of sentencing options" in exercising its discretion to strike allegations under section 1385. (*Marsh, supra*, 36 Cal.3d at pp. 144.) We find nothing in the opinion indicating that the

7

trial court's section 1385 powers include the imposition of an allegation, action, or enhancement different from that presented to the jury.

For these reasons, we conclude the trial court was aware of its discretion when it found its only choices were to strike or impose the enhancements.

DISPOSITION

The judgment is affirmed.


                 /s/
                 BLEASE, J.


We concur:


  /s/
RAYE, P. J.


  /s/
MAURO, J.